**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 26 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH LYNN MOORE,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>EDMUND G. BROWN, Jr., Attorney General for the State of California; THOMAS ORLOFF, District Attorney for the County of Alameda; JOE FABINY,<br><br>        Defendants - Appellees. | No. 06-15016<br><br>D.C. No. CV-04-01952-MHP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Argued and Submitted October 15, 2007
San Francisco, California

Submission Withdrawn October 17, 2007
Resubmitted September 18, 2008

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

---

    [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Kenneth Lynn Moore ("Moore") challenges the district court's dismissal of his 42 U.S.C. § 1983 claim asserting a right to obtain and test DNA evidence that could potentially exculpate him from the 1978 rape of Linda S. He claims that the district court misapplied California's issue preclusion law or, alternatively, improperly failed to apply an equitable exception to California's issue preclusion law.

In a prior action in California state court, pursuant to Cal. Penal Code § 1405 Moore petitioned for access to the same DNA evidence at issue in this suit. The California court denied Moore's petition, stating that it did "not raise a reasonable probability that, in light of all of the evidence, [Moore's] verdict or sentence would have been more favorable" had the DNA test results been available at the time of his trial. *In re Kenneth Moore*, No. 67113B (Cal. Super. Ct. Dec. 10, 2002). The district court concluded that Moore in his § 1983 suit had to show at least a "'reasonable probability'" that access to the DNA evidence would have affected the outcome of his original criminal proceedings. *Moore v. Lockyer*, 2005 WL 2334350, at *9 (N.D. Cal. Sept. 23, 2005) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). Because the state court had already determined that Moore could not meet that standard, the district court held that California's issue

preclusion law barred Moore's federal claim and dismissed the suit.  *See id.* at 9-10.

For California issue preclusion law to bar Moore's federal claim, "the decision in the [state court] proceeding must be final and on the merits."  *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990).  California issue preclusion law also requires that the "issue sought to be precluded from relitigation" be "identical to that decided in a former proceeding."  *Id.*  Moore petitioned the state court for access to the DNA evidence in order to challenge his conviction for the rape of Linda S.  Moore argues that the order denying his petition did not address this narrow issue but rather the broader question of whether access to the DNA evidence would have affected his *overall* sentence, which was based on convictions for multiple crimes.

However, the state court order stated clearly that Moore's petition did not raise a reasonable probability that his "verdict or sentence" would have been more favorable had the DNA test results been available.  *See In re Kenneth Moore*, No. 67113B (Cal. Super. Ct. Dec. 10, 2002).  Because "verdict" is singular, we conclude that the state court was referring only to Moore's verdict and sentence with respect to the rape of Linda S.  The order does go on to say that the "evidence of [Moore's] guilt of the *crimes*" he committed is "overwhelming."  *Id.* (emphasis

added).  But "crimes" does not imply that the court was concerned with whether access to the DNA evidence would lower Moore's overall sentence.  Rather, the court used the term "crimes" to develop the argument that the rape of Linda S. was "strikingly similar" to other offenses for which Moore was convicted, meaning that he likely would have been convicted of the rape even if DNA evidence had been available at trial.  *Id.*

We therefore conclude that the state court order addressed the merits of Moore's petition and decided the identical question subsequently raised in district court.  Therefore, we reject Moore's claim that the district court misapplied California's issue preclusion law.

We also reject Moore's claim that the district court failed to apply an equitable exception to California's issue preclusion law.  Moore's "equity" claim amounts to an allegation that the state court made a mistake.  One California case suggests such claims are colorable, *see Greenfield v. Mather*, 32 Cal. 2d 23, 35 (1948), but it has since been deemed of "doubtful validity" and "severely criticized."  *Slater v. Blackwood*, 15 Cal. 3d 791, 796 (1975).  Issue preclusion aims to "promote judicial economy by minimizing repetitive litigation."  *People v. Taylor*, 12 Cal. 3d 686, 695 (1974).  We do not believe a California court would make an equitable exception to issue preclusion in this case.

AFFIRMED

AFFIRMED